FILED'06 FEB 21 1246USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ARLID and JENNIFER LEAVENWORTH, husband and wife, | Civil No. 04-6049-HO |
| Plaintiffs, | ORDER |
| v. | |
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois corporation, | |
| Defendant. | |

Introduction

After a fire damaged their home/business property, plaintiffs sued to recover under fire insurance policies. Defendant asserted affirmative defenses of arson and misrepresentation. The jury rejected defendants' arson defense, but found in favor of defendant on the misrepresentation defense. Plaintiffs filed a renewed motion for judgment as a matter of law

and new trial, arguing that the verdict form encouraged the jury to reach a defense verdict without making findings on all elements of the defense of misrepresentation, and that the evidence presented at trial was insufficient to support the verdict. Because the evidence was insufficient to support the verdict on the misrepresentation offense, and coverage is therefore established, plaintiffs are entitled to judgment as a matter of law, and, if necessary, a new trial limited to the issue of damages. Defendants' cost bill is denied.

## Discussion

The court must overturn the jury only if "there is no legally sufficient basis for a reasonable jury to find for that party on that issue." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 149 (2000) (quoting Fed.R.Civ.P. 50(a)). The court may not weigh evidence, must view all inferences in the light most favorable to the nonmoving party, and must disregard evidence favorable to the moving party that the jury is not required to believe. Id. at 150-51. Although defendant is entitled to all favorable inferences from the evidence, the burden of establishing a prima facie affirmative defense of misrepresentation remains with defendant. Or.Rev.Stat. § 742.208(3); see Hallmark Co. v. Reynolds Metals Co., 489 F.2d 8, 13 (9th Cir. 1974).

"In order to use any representation by or on behalf of the

2 - ORDER

insured in defense of a claim under the policy, the insurer must show that the representations are material and that the insurer relied on them." Or.Rev.Stat. § 742.208(3). "Relied" means ordinary reliance as used in the common law fraud context. <u>Eslamizar v. American States Ins. Co.</u>, 894 P.2d 1195, 1199 (Or.App. 1995). "Ordinary reliance" requires evidence of detrimental action or change in position, such as offering coverage, calculating risk or incurring additional expenses in investigation. <u>Id</u>. "[I]n cases . . . in which the insurer has denied coverage, it may be difficult for the insurer to establish that it has acted to its detriment or refrained from acting to its detriment." <u>Id</u>.

Defendant contends that it presented sufficient evidence to sustain the verdict on the following material misrepresentations made by plaintiffs: (1) statements that plaintiffs were not involved in starting the fire; (2) statements regarding the location of a jug of kerosene; (3) statements regarding plaintiffs' location in the home shortly before the fire; and (4) statements regarding plaintiffs' financial condition.

Plaintiffs initially contend that defendant presented no evidence that it accepted the truth of these statements. Defendant simultaneously argues that it relied on the truth of plaintiffs' statements, as evidenced by its substantial advance payments recounted in the testimony of its representative, Brian

3 - ORDER

Kelly, and that the term "relied" in Section 742.208(3) does not require defendant to prove that it accepted the truth of plaintiffs' statements.

Section 742.208(3) does not define the term "relied." Because Oregon's courts hold that the term means ordinary reliance in the common law fraud context, this court agrees with plaintiffs that one does not rely on a statement in the absence of faith or confidence in the truth of the statement. See Webb v. Clark, 546 P.2d 1078, 1080 (Or. 1976) (elements of fraud include hearer's ignorance of falsity and reliance on truth of representations); see also Richard A Lord, Williston on Contracts, § 69:32 (4th ed. 2003) ("Where one to whom false statements are made undertakes to verify them and form a judgment of his or her own upon the facts, this is evidence of a reliance on his or her own judgment rather than on the representations, and no relief can be had, unless it is found as a fact, as the cases clearly indicate, that the representations as made were also relied upon."). The legislature did not provide that a misrepresentation can void the policy if it caused the insurer to change its position based on the insurer's mere disbelief of the misrepresentation.

Although Mr. Kelly made the general statement, "We rely upon what the insured tells us at the initial reporting of the claim," (Tr. Vol. 2. at 8), a reasonable jury could not conclude from all

4 - ORDER

the evidence that defendant acted to its detriment as a result of placing faith or confidence in the misrepresentations identified by defendants. A general statement that an insurer relies on statements of insureds in ascertaining the true facts of a loss is insufficient to support a defense verdict of misrepresentation. Eslamizar, 894 P.2d at 1199.

The uncontradicted evidence establishes that defendant, on the day of the fire, hired an investigator to determine the cause of the fire, and that defendant may do so on every large fire. (Tr. Vol. 2-B at 15). Mr. Kelly testified that defendant made advance payments of approximately $100,000, and incurred additional expenses in investigating the cause of the fire, including hiring an attorney to examine plaintiffs under oath. (Tr. Vol. 2 at 9-10, 14-15). Defendant presented evidence and argued that through plaintiffs' statements during the examination under oath and other evidence gathered during the investigation, defendant learned that plaintiffs' initial statements regarding their financial condition and the location of a kerosene jug, and that they did not start the fire, were false, and that plaintiffs misrepresented their locations prior to the fire.

There is no evidence, however, that defendant accepted plaintiffs' statements, or changed position or acted to its detriment as a result of such statements. The only reasonable conclusion from defendants' evidence is that defendant paid some

money, but never believed plaintiffs' statements. A reasonable jury could only conclude that defendant made advance payments and incurred investigation expenses because of, or in spite of its disbelief of plaintiffs' statements, or without regard to its belief or disbelief of plaintiffs' statements. Furthermore, the jury concluded that plaintiffs did not commit the arson suspected by defendants. This conclusion leaves little if any room for defendant's theory that it paid money to plaintiffs in reliance on the truth of plaintiffs' statements that they were not involved in starting the fire. Plaintiffs are entitled to judgment as a matter of law on the affirmative defense of misrepresentation.

Judgment as a matter of law for plaintiffs on this defense results in coverage. The only remaining issue is damages. Plaintiffs shall have a new trial limited to the issue of damages, unless the parties can resolve the damages issue short of trial.

## Conclusion

Based on the foregoing, plaintiffs' renewed motion for judgment as a matter of law and motion for new trial [#101] is granted; defendant's cost bill [#102] is denied. The clerk shall

///

///

///

set a status conference to determine further proceedings in the case. Counsel should prepare to advise the court as to whether a trial on the issue of damages is necessary.

IT IS SO ORDERED.

DATED this 17th day of February, 2006.

                                        /s/ Michael R. Hogan
                                   United States District Judge